c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHARON SEWELL,<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-00720 |
| VERSUS | JUDGE DRELL |
| FERRIDAY HEALTHCARE<br>L.L.C.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Rule 12(b)(6) Motion to Dismiss, filed by Defendant Ferriday Healthcare, L.L.C. ("Ferriday"). (Doc. 9). Pro se Plaintiff Sharon Sewell ("Sewell") filed an untimely response. (Doc. 12). The Court issued a *sua sponte* Jurisdictional Briefing Order for Ferriday to brief the citizenship of all its members. (Doc. 13). Ferriday responded with a "Consent to Remand." (Doc. 17). Because this Court lacks diversity jurisdiction, Ferriday's Rule 12(b)(6) Motion to Dismiss (Doc. 9) should be DENIED for lack of jurisdiction, and the case should be REMANDED to the Seventh Judicial District Court, Concordia Parish, State of Louisiana.

I.   Background

On January 18, 2017, Sewell filed an action in the Seventh Judicial District Court, Concordia Parish, State of Louisiana. (Doc. 1-1). Sewell asserts claims for violation of Louisiana's whistleblower protection law, La. R.S. 23:967 ("whistleblower claim"). (Doc. 1-1). Sewell also alleges a state tort claim for intentional infliction of emotional distress. (Doc. 1-1).

1

Sewell originally named as Defendants Consulate Health Care, doing business as Heritage Manor Health and Rehabilitation Center Ferriday, in error. (Doc. 1-1). Sewell alleges she was employed at Ferriday's nursing home in Ferriday, Louisiana. (Doc. 1-1). Sewell claims she made a whistle-blower report of an abuse of a patient at the nursing home. (Doc. 1-1). Sewell alleges she then experienced retaliation, including sudden write-ups, and was prevented from attended her normal meetings. (Doc. 1-1). Sewell further alleges she was accused of stealing candles. (Doc. 1-1). Sewell claims these actions were pretext for retaliation for her whistleblower activity. (Doc. 1-1). Sewell alleges the retaliatory treatment culminated with her termination on January 15, 2017. (Doc. 1-1).

Her petition alleges two counts: (1) violation of Louisiana's whistleblower protection statute, La. R.S. 23:967; and (2) intentional infliction of emotional distress. (Doc. 1-1). Sewell alleges she was fired because of her knowledge of illegal workplace practices and her refusal to participate in those practices, and her intention to report them. (Doc. 1-1). Sewell claims she suffered injuries and incurred damages. (Doc. 1-1). She seeks statutory damages under La. R.S. 23:967, including "compensatory damages, back pay, benefits, special damages, reinstatement, and reasonable attorney fees resulting from the reprisal." (Doc. 1-1). Sewell further alleges Ferriday's conduct was extreme and outrageous causing her severe emotional distress. (Doc. 1-1). Sewell claims Ferriday intended to inflict severe emotional distress or knew severe emotional distress would result from their actions. (Doc. 1-1). She also seeks compensatory damages for severe emotional distress, mental

anguish, embarrassment, humiliation, physical pain and suffering, past and future medical expenses, loss of enjoyment of life, and loss of earnings and/or earning capacity. (Doc. 1-1).

Ferriday removed based upon diversity jurisdiction. (Doc. 1). Ferriday alleges this action is between citizens of different states and the controversy exceeds the value of $75,000.00. (Doc. 1-1). Sewell is a resident and citizen of the state of Mississippi. (Docs. 1, 1-1). Ferriday is a limited liability company ("L.L.C."). (Doc. 1). Ferriday alleges its sole member is Centennial Healthcare Holding Company, L.L.C ("Centennial"), which is a citizen of Delaware. (Doc. 1). Ferriday alleges Centennial's sole member is LaVie Care Centers, L.L.C ("LaVie"), also a citizen of Delaware. (Doc. 1). However, no further members were identified by Ferriday.

Ferriday also seeks dismissal under Fed. R. Civ. P. Rule 12(b)(6) (Doc. 9). Ferriday alleges Sewell fails to state a plausible claim for relief under the Louisiana whistleblower protection law, and that Sewell's claim is untimely. (Doc. 9). Sewell responded in one sentence that the Concordia Parish Clerk of Court was closed due to inclement weather on the date of the statute of limitations. (Doc. 12).

## II. Law and Analysis

### A. The record fails to establish diversity jurisdiction, warranting remand.

It is axiomatic that federal courts are courts of limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. Id. Here, Ferriday bears that burden.

An action filed in state court may be removed to federal court if the action is one over which the Court has original jurisdiction. 28 U.S.C. § 1441(a). This action was removed to federal court based on diversity jurisdiction. (Doc. 1). Title 28 U.S.C. § 1332(a) provides that the district courts have original jurisdiction of all civil actions upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)) (internal citation and quotation omitted).

"[W]hen jurisdiction depends on citizenship, citizenship must be *distinctly and affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotation omitted); see also Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008) (per curiam). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003).

The citizenship of an L.L.C., a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80. "If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through

4

however many layers of members or partners there may be." <u>Wright v. JPMorgan Chase Bank, NA</u>, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009)).

Here, Ferriday in its removal petition alleges that the Plaintiff is a citizen of Mississippi. (Docs. 1, 1-1). As discussed above, in identifying its members and citizenship, Ferriday fails to identify in its notice of removal the members of LaVie or any other possible layers of members or partners. (Docs. 1, 13).

The Court ordered Ferriday to file a jurisdictional memorandum identifying all members and the state of citizenship of each member to support a finding of diversity jurisdiction. (Doc. 13). Ferriday responds that it prefers "not to disclose what is a complex organizational structure." (Doc. 17). Ferriday also consents to an entry of an order remanding this action to the Seventh Judicial District Court. (Doc. 17).

Ferriday did not correct the deficient jurisdictional allegations. Therefore, the Court lacks sufficient facts to establish diversity jurisdiction. Ferriday consents to remand. (Doc. 17). When subject matter jurisdiction is lacking in a removed case, remand is required. 28 U.S.C. § 1447(c). Therefore, Ferriday's Rule 12(b)(6) Motion to Dismiss (Doc. 9) should be DENIED for lack of jurisdiction, and this action should be REMANDED to the Seventh Judicial District Court for the Parish of Concordia, State of Louisiana.

### III. <u>Conclusion</u>

Because the Court lacks diversity jurisdiction,

IT IS RECOMMENDED that Ferriday's Rule 12(b)(6) Motion to Dismiss (Doc. 9) be DENIED for lack of jurisdiction.

IT IS FURTHER RECOMMENDED that this case be REMANDED to the Seventh Judicial District Court for the Parish of Concordia, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of February, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge